## UNITED STATES DISTRICT COURT

## DISTRICT OF DELAWARE

| | |
|---|---|
| ———————————————————— x | |
| : | |
| WES ZALEWSKI, individually and on behalf of all others similarly situated, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 16-cv-00136-SLR |
| - against – : | |
| : | |
| ANADIGICS, INC., RON MICHELS, DENNIS STRIGL, RICHARD KELSON, DAVID FELLOWS, HARRY REIN, RONALD ROSENZWEIG, II-VI INCORPORATED and REGULUS ACQUISITION SUB, INC., : | |
| : | |
| Defendants. : | |
| : | |
| ———————————————————— x | |

### NOTICE OF VOLUNTARY DISMISSAL

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Plaintiff, exclusively in his individual capacity and not as the representative of a putative class of Anadigics shareholders, hereby voluntarily dismisses with prejudice this Lawsuit and each and every claim that was alleged or which could have been alleged therein relating in any way whatsoever to the subject matter of the Amended Complaint.

**WHEREAS**, on January 26, 2016, plaintiff Wes Zalewski (the "***Plaintiff***") filed a Complaint in the Superior Court of New Jersey (Chancery Division, Somerset County), captioned *Zalewski* v. *Anadigics, Inc., et al.*, No. C-12005-16 (the "***New Jersey State Court Action***"), against defendants Anadigics, Inc. ("***Anadigics***"), Ron Michels, Dennis Strigl, Richard Kelson, David Fellows, Harry Rein and Ronald Rosenzweig (collectively, the "***Anadigics Defendants***") and defendants II-VI Incorporated and Regulus Acquisition Sub,

Inc. (jointly, the "***II-VI Defendants***") arising out of the then proposed merger between Regulus Acquisition Sub, Inc. and Anadigics (the "***Proposed Merger***"); and

**WHEREAS,** Plaintiff, the Anadigics Defendants and the II-VI Defendants are referred to collectively herein as the "***Parties***" and the Anadigics Defendants and the II-VI Defendants are referred to collectively herein as the "***Defendants***"; and

**WHEREAS**, on February 4, 2016, Plaintiff filed an Amended Complaint in the New Jersey State Court Action (the "***Amended Complaint***"), premised, in part, on Plaintiff's contention that the February 2, 2016 Recommendation Statement in the Schedule 14D-9 filed with the Securities and Exchange Commission (the "***SEC***") in connection with the Proposed Merger contained omissions or misstatements of material facts relevant to the Proposed Merger, including the failure to provide any information concerning Anadigics's financial projections that had been made available to bidders and Anadigics's financial advisor (the "***Anadigics Financial Projections***"); and

**WHEREAS**, the Anadigics Defendants have vigorously denied that the Schedule 14D-9 referenced in the immediately preceding paragraph contains any material misstatements or omissions relating to Anadigics's financial condition, which deteriorating financial condition Anadigics contends that it clearly and consistently disclosed to the market prior to, during and after the period during which the Anadigics Board of Directors conducted an auction process designed to secure from the competing bidders the highest per-share merger price reasonably available for Anadigics shareholders; and

**WHEREAS**, on February 8, 2016, Plaintiff filed a motion for expedited discovery in the New Jersey State Court Action ("***Plaintiff's Discovery Motion***") and the Anadigics

Defendants moved in the New Jersey State Court Action for an Order declaring that, in accordance with Anadigics's Delaware forum by-law, Plaintiff was not permitted to prosecute the New Jersey State Court Action, including engaging in any discovery, because the exclusive forum for such claims is a state or federal court located in the State of Delaware (the "***Anadigics Defendants' Delaware Forum By-Law Motion***"); and

WHEREAS, the New Jersey Superior Court did not rule on Plaintiff's Discovery Motion or the Anadigics Defendants' Delaware Forum By-Law Motion and, instead, scheduled a conference for February 24, 2016; and

WHEREAS, on February 23, 2016, the II-VI Defendants filed a Notice of Removal pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), removing the New Jersey State Court Action to the United States District Court for the District of New Jersey; and

WHEREAS, on February 24, 2016, Plaintiff filed with the United States District Court for the District of New Jersey a motion for a Temporary Restraining Order, seeking to enjoin the Proposed Merger ("***Plaintiff's TRO Motion***"); and

WHEREAS, on February 25, 2016, the United States District Court for the District of New Jersey entered an Order holding, among other things, that the Parties shall meet and confer and submit to the Court on or before February 29, 2016, an agreed-upon schedule for the briefing in connection with the Anadigics Defendants' Delaware Forum By-Law Motion and Plaintiff's TRO Motion; and

WHEREAS, on February 26, 2016, Anadigics executed an amended merger agreement with II-VI;

WHEREAS, on February 29, 2016, II-VI amended its Schedule TO filing with the

SEC, setting 11:59 p.m. on March 11, 2016, as the deadline by which II-VI's tender offer for Anadigics stock was to expire; and

**WHEREAS**, on February 29, 2016, Anadigics filed with the SEC Amendment No. 7 to its Schedule 14D-9, which included, among other things, the Anadigics Financial Projections; and

**WHEREAS**, on March 1, 2016, the United States District Court for the District of New Jersey entered the February 29, 2016 Stipulation and Proposed Order submitted by the Parties, which, among other things, scheduled briefing through 5:00 p.m. on March 4, 2016 in connection with Plaintiff's TRO Motion and the Anadigics Defendants' Delaware Forum By-Law Motion; and

**WHEREAS**, on March 2, 2016, the Parties filed their respective memoranda of law and other papers in opposition to Plaintiff's TRO Motion and the Anadigics Defendants' Delaware Forum By-Law Motion; and

**WHEREAS**, on March 3, 2016, Plaintiff's counsel notified respective counsel for the Defendants that, due to the fact that Anadigics had disclosed the Anadigics Financial Projections in the February 29, 2016 Schedule 14D-9 that it filed with the SEC, it was the intention of Plaintiff's Counsel to, among other things, withdraw with prejudice Plaintiff's TRO Motion, withdraw Plaintiff's opposition to the Anadigics Defendants' Delaware Forum By-Law Motion, consent to the transfer of this action to the United States District Court for the District of Delaware and seek a "mootness fee" in connection with the disclosure of the Anadigics Financial Projections; and

**WHEREAS**, on March 4, 2016, the Parties submitted to the United States District

Court for the District of New Jersey a Stipulation and Proposed Order reflecting Plaintiff's withdrawal of his claims for injunctive relief and the other concessions set forth in the immediately preceding paragraph, above, and setting April 15, 2016 as the deadline by which the Defendants were to respond to Plaintiff's Amended Complaint (the "***Parties' March 4, 2016 Stipulation and Proposed Order***"); and

**WHEREAS**, on March 4, 2016, the United States District Court for the District of New Jersey entered the Parties' March 4, 2016 Stipulation and Proposed Order (the "***March 4, 2016 Order***"); and

**WHEREAS**, by its March 4, 2016 Order, the United States District Court for the District of New Jersey transferred this action (hereinafter the "***Lawsuit***") to the United States District Court for the District of Delaware (the "***Court***"); and

**WHEREAS**, on March 15, 2016, the II-VI Defendants and Anadigics closed their merger transaction and, thereafter, Anadigics became a wholly-owned subsidiary of II-VI Incorporated and Regulus Acquisition Sub, Inc. ceased to exist; and

**WHEREAS,** since the entry of the March 4, 2016 Order, the only remaining claims in the Lawsuit are for alleged unspecified damages (the "***Remaining Damages Claims***"); and

**WHEREAS,** on April 6, 2016, the Parties' counsel held a telephonic conference (the "***April 6, 2016 Conference***"); and

**WHEREAS,** during the April 6, 2016 Conference, respective counsel for the Defendants made clear that they had prepared and were ready to file with the Court respective motions to dismiss the Remaining Damages Claims (the " ***Defendants' Proposed Dismissal Motions***"); and

**WHEREAS,** during the April 6, 2016 Conference, Plaintiff's Counsel made clear that they had prepared and were ready to file with the Court an application for a mootness fee based upon the disclosure in Anadigics's February 29, 2016 Schedule 14D-9 of the Anadigics Financial Projections ("***Plaintiff's Counsel's Proposed Mootness-Fee Application***"); and

**WHEREAS,** the Parties agreed during the April 6, 2016 Conference that, for an agreed-upon period, the Defendants and Plaintiff would refrain from making their respective proposed filings for the purpose of affording the Parties an opportunity to explore the resolution of (a) Plaintiff's Counsel's Proposed Mootness-Fee Application and (b) in light of the Defendants' Proposed Dismissal Motions, the Remaining Damages Claims; and

**WHEREAS**, on April 14, 2016, the Parties submitted to the Court a Stipulation and Proposed Order adjourning from April 15, 2016 to April 29, 2016 the deadline by which the Defendants were to respond to Plaintiff's Amended Complaint (the "***Parties' April 14, 2016 Stipulation and Proposed Order***"); and

**WHEREAS**, on April 18, 2016, the Court entered the Parties' April 14, 2016 Stipulation and Proposed Order; and

**WHEREAS**, on April 27, 2016, the Parties submitted to the Court a Stipulation and Proposed Order adjourning from April 29, 2016 to May 13, 2016 the deadline by which the Defendants were to respond to Plaintiff's Amended Complaint (the "***Parties' April 27, 2016 Stipulation and Proposed Order***"); and

**WHEREAS**, on May 2, 2016, the Court entered the Parties' April 27, 2016 Stipulation and Proposed Order; and

**WHEREAS**, on May 12, 2016, the Parties submitted to the Court a Stipulation and

Proposed Order adjourning from May 13, 2016 to June 3, 2016 the deadline by which the Defendants were to respond to Plaintiff's Amended Complaint for the purpose of affording the Parties an opportunity to further explore the resolution of the Lawsuit (the "***Parties' May 12, 2016 Stipulation and Proposed Order***"); and

**WHEREAS**, on May 13, 2016, the Court entered the Parties' May 12, 2016 Stipulation and Proposed Order; and

**WHEREAS**, on June 2, 2016, the Parties submitted to the Court a Stipulation and Proposed Order adjourning from June 3, 2016 to July 5, 2016 the deadline by which the Defendants were to respond to Plaintiff's Amended Complaint for the purpose of affording the Parties an opportunity to further explore the resolution of the Lawsuit (the "***Parties' June 2, 2016 Stipulation and Proposed Order***"); and

**WHEREAS**, on June 3, 2016, the Court entered the Parties' June 2, 2016 Stipulation and Proposed Order; and

**WHEREAS**, the Anadigics Defendants produced to Plaintiff for review exclusively in connection with the Parties' settlement discussions certain documents relating to the Remaining Damages Claims (the "***Anadigics Documents***"); and

**WHEREAS,** Plaintiff has not moved the Court for entry of, and the Court has not entered, an Order certifying any class in the Lawsuit pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

**WHEREAS,** upon consideration of all of the circumstances and matters described herein, including, but not limited to, Plaintiff's review of the Anadigics Documents, Plaintiff has determined that it is appropriate for him to dismiss with prejudice, exclusively in his

individual capacity and not as the representative of a putative class of Anadigics shareholders, all of the Remaining Damages Claims; and

**WHEREAS,** after extensive negotiations with respective counsel for the Defendants, Plaintiff's counsel, with the knowledge and consent of Plaintiff, agreed to accept a payment on behalf of the Anadigics Defendants by their insurer of the compromised sum of two-hundred and fifty thousand dollars ($250,000.00) in full and complete satisfaction of Plaintiff's Counsel's Proposed Mootness-Fee Application,

**NOW, THEREFORE**, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Plaintiff, exclusively in his individual capacity and not as the representative of a putative class of Anadigics shareholders, hereby voluntarily dismisses with prejudice this Lawsuit and each and every claim that was alleged or which could have been alleged therein relating in any way whatsoever to the subject matter of the Amended Complaint.

Dated:  July 8, 2016

OF COUNSEL:

BRODSKY & SMITH, LLC
Evan J. Smith
Marc L. Ackerman
Two Bala Plaza, Suite 510
Bala Cynwyd, Pennsylvania 19004
(610) 667-6200
esmith@brodsky-smith.com
mackerman@brodsky-smith.com

RIGRODSKY & LONG, P.A.

*/s/ Brian D. Long*
Seth D. Rigrodsky (#3147)
Brian D. Long (#4347)
2 Righter Parkway, Suite 120
Wilmington, DE 19803
(302) 295-5310
sdr@rl-legal.com
bdl@rl-legal.com

*Attorneys for Plaintiff*